UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DONIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23 CV 1506 CDP |
| | ) |
| ARCH ONCOLOGY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Michael Donio brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010, *et seq.*, alleging that his employer, defendant Arch Oncology, discriminated against him in his employment on account of his religion, denied his reasonable request for religious accommodation, and retaliated against him for engaging in protected conduct.  For the reasons that follow, I will grant defendant's motion to dismiss Donio's claim of retaliation as Donio failed to exhaust his administrative remedies on the claim.  Donio's remaining claims survive Arch's motion to dismiss, however, and will be allowed to proceed.

### Background

Donio began his employment with defendant Arch in 2016 and worked there as a senior scientist.  Donio worked from home during the COVID-19 pandemic per

company policy.  On September 2, 2021, Arch notified its covered employees of its mandatory COVID-19 vaccination policy that required them to be fully vaccinated within six weeks.  Donio submitted a request for religious exemption on September 13, which Arch denied on September 27 without providing Donio an opportunity to discuss alternative accommodations.  Arch discharged Donio from his position on September 30, 2021.

Donio filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) on January 12, 2022.  In that charge, Donio claimed Arch discriminated against him by failing to accommodate his request for religious exemption regarding the COVID-19 vaccine mandate, and by discharging him on account of his religion.  The MCHR and EEOC issued right-to-sue letters to Donio on August 10 and August 14, 2023, respectively.

Donio filed the instant action in the Circuit Court of the City of St. Louis, Missouri, on September 29, 2023, raising claims under both Title VII and the MHRA.  In Count I of his four-count petition, Donio claims that Arch violated Title VII by retaliating against him for requesting a religious accommodation.  In Count III, Donio brings a claim under the MHRA alleging that Arch discriminated against him in the terms of his employment on account of his religion.  In Counts II and IV, Donio claims that Arch violated Title VII and the MHRA, respectively, by denying his

request for religious accommodation.

Arch removed the action to this Court on November 27, 2023, invoking federal question jurisdiction. On December 4, it moved to dismiss Donio's petition under Rule 12(b)(6), Federal Rules of Civil Procedure, arguing that Donio's retaliation claim is barred for failure to exhaust administrative remedies; that Donio's MHRA claims are barred by the two-year statute of limitations under Missouri law; and that, regardless, Donio's petition wholly fails to allege an adverse employment action, which is required to state a claim under all counts of the petition. Arch attached Donio's charge of discrimination to its motion. Donio did not respond.

On February 1, 2024, the Court ordered Donio to show cause by February 9 why he failed to oppose Arch's motion to dismiss and, further, to file a memorandum in response to the motion. (ECF 12.) Donio was cautioned that failure to show cause or to file a response would result in the Court ruling on the unopposed motion to dismiss and/or possible dismissal of the case for failure to prosecute. To date, Donio has not responded to the Order.

For the following reasons, I will grant Arch's motion to dismiss Donio's claim of retaliation raised in Count I of the petition. I will deny the motion in all other respects. Because Donio's petition raises plausible claims that survive review under Rule 12(b)(6), I believe dismissing the entire case for failure to prosecute at this stage of the proceedings is too severe a sanction. Donio is cautioned, however, that

continued failure to comply with Court Orders or to actively pursue his case will result in dismissal for failure to prosecute. *See Trotter v. Lawson*, 636 Fed. Appx. 371, 373 (8th Cir. 2016).

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, I assume that the allegations in the complaint are true, and I construe the complaint in plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). I am not bound to accept as true, however, a legal conclusion couched as a factual allegation. *Id.* at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). More than labels and conclusions are required. *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In addition to the complaint, I may consider exhibits that are attached to the

complaint, matters of public record, and materials necessarily embraced by the complaint, without having to convert the motion to one for summary judgment. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018); *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018).  Materials necessarily embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Ryan*, 889 F.3d at 505 (internal quotation marks and citations omitted). Accordingly, in determining Arch's motion to dismiss here, I consider Donio's petition, the right-to-sue notices attached to the petition as exhibits, and the charge of discrimination filed with Arch's motion as the charge is a document necessarily embraced by and consistent with Donio's petition.  *See Curless v. Evergy Metro, Inc.*, No. 23-00376-CV-W-WBG, 2023 WL 8582587, at *2 (W.D. Mo. Dec. 11, 2023) (courts must read a complaint and charge of discrimination together; charges of discrimination are part of the public record) (citing cases).

## Discussion

Failure to Exhaust

In Count I of his petition, Donio alleges that Arch violated Title VII by retaliating against him for engaging in protected conduct, namely, requesting a religious exemption to the vaccine mandate.

It is well established that to bring an employment discrimination claim under

Title VII, a plaintiff must first exhaust his administrative remedies. *See, e.g., Tyler v. University of Ark. Bd. of Trs.*, 628 F.3d 980, 989 (8th Cir. 2011); *Williams v. Spire*, No. 4:23-CV-43 RLW, 2023 WL 6477973, at *3 (E.D. Mo. Oct. 5, 2023) ("Timely filing a charge of discrimination with the EEOC or with the State or local agency is a precondition to suit under Title VII and the ADA."). The Eighth Circuit has explained that "[t]he reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

To determine what claims a plaintiff exhausted, the Court looks to the boxes that were checked on the charge of discrimination and the narrative description of the allegations in the charge. *Williams*, 2023 WL 6477973, at *4 (citing *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011); *Tyler*, 628 F.3d at 989). "[A] plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 672 (8th Cir. 2006) (quoting *Anderson v. Block*, 807 F.2d 145, 148 (8th Cir. 1986)). The Court should "liberally construe an administrative charge for exhaustion of remedies purposes"; however, "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim

which simply was not made." *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (internal quotation marks and citations omitted).

In his charge of discrimination here, Donio checked the box marked "Religion" as the basis for his claim. He did not check the box marked "Retaliation." (ECF 9-1.) In the narrative portion of the charge, Donio averred that he was denied an accommodation on account of his religion and was discharged from his position on account of his religion. (*Id.*) He did not mention "retaliation" in his narrative, nor did he allege facts that would give rise to a claim of retaliation for requesting a religious accommodation. Consequently, I cannot find that Donio's claim of retaliation raised in Count I of his petition – that Arch's failure to offer him an accommodation was in retaliation for his engaging in protected activity – is like or reasonably related to the claims of religious discrimination raised in his charge of discrimination. Indeed, as the Eighth Circuit recently reaffirmed in *Weatherly v. Ford Motor Co.*, 994 F.3d 940 (8th Cir. 2021), "We have long treated discrimination and retaliation claims as distinct for exhaustion purposes, so that exhausting one does not usually exhaust the other." *Id.* at 945.

I will therefore dismiss Donio's claim of retaliation raised in Count I of his petition for failure to exhaust administrative remedies.

Timeliness of MHRA Claims

Missouri Revised Statute § 213.111.1 provides that any action brought in court

alleging an unlawful discriminatory practice under the MHRA "shall be filed . . . no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party."  In its motion to dismiss, Arch contends that because Donio asserts in his petition that Arch denied his request for religious accommodation on September 27, 2021, and he filed this action more than two years later on September 29, 2023, his MHRA claims of unlawful discrimination must be dismissed because the alleged action occurred outside the period prescribed by § 213.111.1.  Donio alleged in his charge of discrimination, however, that Arch discharged him from his position on September 30, 2021.  Because that adverse employment action (*see* discussion below) occurred less than two years before Donio filed this action, Arch's argument that Donio's MHRA claims are untimely filed is without merit.

<u>Adverse Employment Action</u>

Under both Title VII and the MHRA, it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion[.]"  42 U.S.C. § 2000e-2(a)(1); Mo. Rev. Stat. § 213.055.1(a)(1).  To demonstrate religious discrimination under Title VII and the MHRA for failure to provide a reasonable accommodation, as claimed in Counts II and IV of the petition, Donio must show that 1) he has a bona fide religious belief that conflicts with an employment requirement, 2) he informed his employer of his

belief, and 3) he suffered an adverse employment action for failing to comply with the requirement. *Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003); *Brandon v. Bd. of Educ. of City of St. Louis*, No. 4:22-CV-00635-SRC, 2023 WL 4104293, at *15 (E.D. Mo. June 21, 2023); *Curless*, 2023 WL 8582587, at *3; *Sedalia No. 200 Sch. Dist. v. Missouri Comm'n on Human Rights*, 843 S.W.2d 928, 930 (Mo. Ct. App. 1992). For his MHRA claim of religious discrimination in his employment, as raised in Count III, Donio must show 1) he suffered an adverse employment action, 2) that that employment action was taken because of his religion, and 3) he suffered damage as a direct result of that action. Mo. Rev. Stat. § 213.111.5; Mo. Approved Jury Instr. (Civil) 38.06 (8th ed). *Cf. Hurley v. Vendtech-SGI, LLC*, No. 16-01222-CV-W-ODS, 2018 WL 736057, at *3 (W.D. Mo. Feb. 6, 2018) (discussing recent amendments to MHRA). Arch argues that Donio's petition fails to allege that he suffered an adverse employment action and that the failure to adequately plead that element defeats all of his claims. Construing the petition and charge of discrimination in Donio's favor as I must, I disagree.

When ruling a 12(b)(6) motion to dismiss, I read the complaint "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). This is a context-specific task that requires me to draw on my judicial experience and common sense. *Id.*; *Iqbal*, 556 at 663-64. Here, Donio alleges in his petition that he "suffered

an adverse employment action through Defendant's refusal to approve Plaintiff's accommodation request." (ECF 6, ¶ 19.)  In isolation, that statement may be viewed as merely a formulaic recitation of a required element of Donio's claims.  *See Iqbal*, 556 U.S. at 679 (legal conclusions must be supported by factual allegations).  But when the statement is considered in conjunction with the allegations made in the charge of discrimination, an adverse employment action is sufficiently alleged:

> In response to a company mandate to take the COVID-19 vaccine, on 09/13/2021, I submitted by exception request for the vaccine based on my religious beliefs that my body is the temple of God and to take the COVID-19 vaccine would be to defile it.  My request was denied on 09/28/2021.  *Because of this, I was discharged by the Respondent on 09/30/2021*.

(ECF 9-1.)  (Emphasis added.)

In Count III of his petition, Donio claims religious discrimination that affected the terms, conditions, or privileges of his employment "in ways including but not limited to" not accommodating his request for religious exemption.  (ECF 6, ¶ 45.)  Because the charge of discrimination is embraced by and considered with Donio's petition, its assertion of discriminatory discharge may be regarded as one of the included "ways" Arch's alleged discrimination affected the terms, conditions, and/or privileges of Donio's employment.  And as to Donio's religious-accommodation claims asserted in Counts II and IV, the petition and charge of discrimination read together show Donio to have adequately asserted that he was discharged as a result of being denied his requested accommodation, which is an adverse employment action

satisfying the third element of a failure-to-accommodate claim.

Therefore, to the extent Arch seeks to dismiss Donio's petition for failure to allege an adverse employment action, its motion to dismiss is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Arch Oncology's Motion to Dismiss [9] is **GRANTED in part and DENIED in part** as set out in this Memorandum and Order.

**IT IS FURTHER ORDERED** that Count I of plaintiff Michael Donio's petition is **DISMISSED with prejudice**.  Counts II through IV are permitted to proceed.

As defendant Arch Oncology has already answered the petition (ECF 8), this case will be set for a Rule 16 Scheduling Conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2024.